UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANAM, | ) | CASE NO. 1: 13 CV 1730 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| REXON INDUSTRIAL., *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon Defendants' Motion for Summary Judgment, or, in the Alternative, Partial Summary Judgment and Request for Daubert Hearing Regarding Plaintiff's Experts. (ECF #40). Plaintiff filed a Brief in Opposition (ECF # 46), and Defendants filed a Reply in support of their motion. (ECF #49). The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that Defendants' Motion should be GRANTED IN PART AND DENIED IN PART.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either

party." *Id.* at 250. It is with these standards in mind that the instant Motions must be decided.

Although not such claim is articulated in the Complaint, Defendants seek summary judgment on the questions of manufacturing defect and failure to warn. Plaintiff has clarified that he is not pursuing any claim for manufacturing defect or for failure to warn. (ECF #46, at 40). No arguments may be made at trial relating to any potential claims for manufacturing defect or failure to warn.

Defendants also seek summary judgment on Count II, which is Plaintiff's failure to conform to representation claim under Ohio Revised Code 2307.77. Plaintiff has offered no response to Defendants argument that the allegations in the Complaint, paired with the available evidence do not support a claim for failure to conform, because Plaintiff has been unable to show that the product failed to conform to any representation made by the manufacturer and relied on by the Plaintiff. Plaintiff has not even attempted to identify any such alleged representation, and his proffered experts have not mentioned any non-conforming aspects of the product in their reports or at deposition. Therefore, Count II is dismissed with prejudice. Count III is a derivative claim to the failure to conform claim in Count II and is, therefore, also dismissed with prejudice.

The remaining claims are based on allegations of a design defect in the product. Under Ohio law, a product is defective in design if, at the time it left the control of its manufacturer, the "foreseeable risks" exceeded the benefits associated with that design or formulation. O.R.C. § 2307.75(A). Often in design defect cases, courts have found that the determination of "foreseeable" risks and benefits associated with a specific design requires knowledge that is not with in the ordinary experience of the jurors. In those cases, courts require that the Plaintiff

provide expert testimony to support his case and educate the jury. *See, e.g., Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205, 210, 101 N.E.2d 897 (1951), *Adkins v. Yamaha Motor Corp., U.S.A.*, 2014-Ohio-3747.

In this case, Plaintiff has offered the testimony of two purported experts, Mr. Holt and Mr. Mehler in support of his design defect claims. Defendants, however, argue that the proffered expert testimony is inadmissible because it is speculative and unreliable, and because Mr. Mehler is not qualified to testify as an expert in these areas. Plaintiff has offered arguments and evidence of both experts' qualifications and the reliability of their opinions with regard to all areas of proffered testimony. Plaintiff, however, agrees that Mr. Mehler is not an expert in flesh detection technology and that he will not testify on that discrete issue.

This Court must ensure "that any and all [expert] testimony or evidence admitted is not only relevant but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This gate keeping function of the trial court is based on the mandates of Fed. R. Evid. 702, which allow expert witnesses to offer opinion testimony if certain requirements are met. These include the requirements that experts are qualified by "knowledge, skill, experience, training, or education," and that the testimony is based on "sufficient facts and data," "reliable principles and methods," and proper application of such principles and methods to the facts of the instant case. *See, Kumho Tire Co. V. Carmichael*, 52 U.S. 137, 150; Fed. R. Evid. 702. When a proper assessment of these requirements cannot be made on the written briefs of the parties a hearing may be scheduled to address these issues.

Based on the record currently before this Court, a *Daubert* hearing would be the appropriate means to fully evaluate the admissibility of the proffered experts testimony in each

disputed area. Therefore, Defendants' motion for summary judgment on the design defect claims, based on the alleged unavailability of admissible expert testimony is denied at this time. The Court will conduct a *Daubert* hearing on the admissibility of the purported expert testimony from Mr. Holt and Mr. Mehler on the currently scheduled trial date, April 25, 2016 at 8:30 a.m. If appropriate, trial will commence immediately following the resolution of the *Daubert* hearing.

Therefore, for the reasons set forth above, Defendants' Motion for Summary Judgment is GRANTED as to Counts II and III, and is DENIED as to Counts I and IV. Trial remains set for April 25, 2016, to be immediately preceded by a *Daubert* hearing on the admissibility of Plaintiff's experts' testimony. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 14, 2016